UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZACCHERY BELVAL,<br><br>              Plaintiff,<br><br>v.<br><br>ELECTRIC BOAT CORPORATION,<br><br>              Defendant. | Civil Action No. 3:23-cv-01387<br><br>Filing Date: November 15, 2023 |

**DEFENDANT ELECTRIC BOAT CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Electric Boat Corporation ("Defendant" or "Electric Boat") hereby answers the individually numbered paragraphs of the Complaint (the "Complaint") in the above-captioned matter (each a "Paragraph") as follows:

**I.    INTRODUCTION[1]**

1. This paragraph is a narrative to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

**II.    JURISDICTION AND VENUE**

2. This paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

---

[1] The headings used in this Answer are taken from the Complaint. Defendant denies any factual or legal implication set forth in any heading.

1

4858-0377-2558.4

3. This paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

### III. ADMINISTRATIVE PROCEEDINGS

4. Defendant admits the allegations in this paragraph.

5. Defendant admits the allegations in this paragraph.

### IV. PARTIES

6. Defendant admits the Plaintiff is Zacchery Belval. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

7. The first sentence of this paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in the first sentence of this paragraph. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies same.

8. Defendant admits that Plaintiff was an employee. The remaining allegations in this paragraph set forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

9. The final sentence of this paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in the final sentence of this paragraph. Defendant admits the remaining allegations in this paragraph.

## V. FACTS

10. Defendant denies the allegations in this paragraph.

11. Defendant denies the allegations in this paragraph.

12. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

13. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

14. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

15. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

16. Defendant admits that many employees were allowed to work from home during the pandemic including employees in Plaintiff's department. Defendant denies the remaining allegations in this paragraph.

17. Defendant admits the allegations in this paragraph.

18. Defendant denies the allegations in this paragraph.

19. Defendant admits that Plaintiff's job involves "editing documents." Defendant denies the remaining allegations in this paragraph.

20. Defendant denies the allegations in this paragraph.

21. Defendant denies the allegations in this paragraph.

22. Defendant admits that Plaintiff initiated a leave of absence in October 2021. Defendant denies the remaining allegations in this paragraph.

23. Defendant denies the allegations in this paragraph.

24. Defendant denies the allegations in this paragraph.

25. Defendant denies the allegations in this paragraph.

26. Defendant denies the allegations in this paragraph.

27. Defendant admits that Plaintiff was expected to return to work from his leave of absence by April 10, 2023. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

28. Defendant admits the allegations in this paragraph.

29. Defendant denies the allegations in this paragraph.

30. Defendant admits the allegations in this paragraph.

31. Defendant admits the allegations in the first sentence of this paragraph. Defendant admits that Plaintiff offered to provide additional medical information but denies the remaining allegations in this paragraph.

32. Defendant admits the allegations in this paragraph.

33. Defendant denies the allegations in this paragraph.

34. Defendant denies the allegations in this paragraph.

35. Defendant admits the allegations in this paragraph.

36. Defendant admits the allegations in this paragraph.

37. Defendant admits the allegations in this paragraph.

38. Defendant denies the allegations in this paragraph.

39. Defendant admits the allegations in this paragraph.

40. Defendant admits the Plaintiff did not return to work. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

      41.      Defendant denies the allegations in this paragraph.

## VI. COUNT ONE: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

      1.      Defendant incorporates its responses to the allegations contained in paragraphs 1-41 above.

      42.      This paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## VII. COUNT TWO: FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE ADA

      1.      Defendant incorporates its responses to the allegations contained in paragraphs 1-41 above.

      42.      This paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

      43.      This paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## VIII. COUNT FOUR: DISABILITY DISCRIMINATION IN VIOLATION OF THE CFEPA[2]

      1.      Defendant incorporates its responses to the allegations contained in paragraphs 1-41 above.

---

[2] The Complaint does not include a "COUNT THREE."

42. This paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## PETITION FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in this section.

## JURY DEMAND

Defendant demands a trial by jury on all counts so triable.

## DEFENDANT'S AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendant states that Plaintiff's claims are barred, in whole or in part, by the following defenses. Defendant has not knowingly or intentionally waived any applicable or other defenses. Defendant reserves the right to amend its Answer and/or to assert and rely upon additional defenses if any when appropriate.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

At all times pertinent to this action, Electric Boat's actions were in accordance with the laws of the State of Connecticut and/or the United States of America.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a *prima facie* case of discrimination or failure to accommodate.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Electric Boat had any duty or obligation to Plaintiff, Electric Boat performed and satisfied such duty or obligation.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail, in whole or in part, because Electric Boat made all decisions and took all of its decisions in this matter in good faith and for proper and lawful business reasons, in furtherance of legitimate interests. Even if there were any improper motivations, which Electric Boat expressly denies, the same decisions and actions with regard to Plaintiff would still have been taken.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff alleges that he was denied an accommodation because of a disability, Plaintiff's claims are barred, in whole or in part, because any accommodations that he requested were not reasonable as a matter of law.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff alleges that he was denied an accommodation because of a disability, Plaintiff's claims are barred, in whole or in part, because any accommodations that he requested would have been an undue hardship for Electric Boat to accommodate the alleged disability.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot establish that he meets the definition of disabled under state or federal law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages as a result of Electric Boat's actions.

7

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged or established sufficient facts to permit or entitle him to recover punitive or exemplary damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiff suffered any harm or damages, Plaintiff failed to mitigate any harm or damage that he allegedly suffered.

                         Respectfully submitted,

                         Defendant,

                         ELECTRIC BOAT CORPORATION
                         By Its Attorneys,

                         */s/ Tracy Thomas Boland*
                         Tracy Thomas Boland (ct30355)
                         BOWDITCH & DEWEY, LLP
                         101 Federal Street, Suite 1405
                         Boston, MA 02110
                         Tel: (617) 757-6522
                         Fax: (508) 929-3099
                         Email: tboland@bowditch.com

Date: November 15, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on November 15, 2023, a true and accurate copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      */s/ Tracy Thomas Boland*
      Tracy Thomas Boland