**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| |
|---|
| ZACCHERY BELVAL, |
| **Plaintiff,** |
| v. |
| ELECTRIC BOAT CORPORATION, |
| **Defendant.** |

Civil Action No. 3:23-cv-01387

## DEFENDANT ELECTRIC BOAT CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY BRIEF TWO (DKT. 143)

Defendant Electric Boat Corporation ("Electric Boat") hereby submits this opposition to Plaintiff Zacchery Belval's ("Plaintiff") "Motion for Leave to File Surreply Brief Two," Dkt. 143 (hereinafter referred to as the "Motion to File a Second Sur-Reply") in relation to Electric Boat's Motion for Summary Judgment, Dkt. 116. As set forth herein, Plaintiff's Motion to File a Second Sur-Reply should be denied by this Court because it lacks any showing of good cause and the proposed second sur-reply is excessive and repetitive.

## I.    RELEVANT PROCEDURAL BACKGROUND

Electric Boat filed its Motion for Summary Judgment on October 2, 2025. *See* Dkt. 116. Plaintiff sought, and received, an extension of time to respond to Electric Boat's Motion for Summary Judgment, which extended his deadline to oppose the motion through to December 1, 2025. *See* Dkt. 126. Plaintiff filed his opposition papers on November 28, 2025. *See* Dkt. 128, 128-1 & 128-2. Electric Boat filed a reply brief in further support of its motion on December 10, 2025. *See* Dkt. 130.

On April 3, 2026, this Court determined that Plaintiff's opposition papers did not include a compliant Local Rule 56(a)2 Statement and granted him leave to file a compliant version by May

1

3, 2026.  *See* Dkt. 133.  Plaintiff accordingly filed a new Local Rule 56(a)2 Statement on April 20, 2026, along with the following additional documents: (1) a document titled "Evidence to Respond to Local Rule 56, Statement of Material Facts," (2) Plaintiff's declaration encompassing 15 pages of mixed facts and law, and (3) Plaintiff's affidavit containing a 16-page narrative of mixed facts and law.  *See* Dkt. 134, 134-1, 134-2 & 134-3.

Following a telephonic status conference on April 27, 2026, the Court agreed to provide Plaintiff until May 15, 2026 to submit an opposing legal memorandum (which Plaintiff asserted he had sought to do in submitting his declaration, Dkt. 134-2).  Plaintiff thereafter filed his opposition memorandum on May 3, 2026, to which Electric Boat submitted a reply brief on May 18, 2026. *See* Dkt. 138 & 139.  On June 2, 2926, Plaintiff filed a sur-reply without leave of court, to which Electric Boat responded on June 17, 2026.  *See* Dkt. 140 & 142.

On June 24, 2026, Plaintiff filed the present Motion to File a Second Sur-Reply.  *See* Dkt. 143.

## II.    PLAINTIFF'S MOTION TO FILE A SECOND SUR-REPLY FAILS TO MAKE ANY SHOWING OF GOOD CAUSE

The filing of sur-replies is permitted only upon a showing of good cause.  *See* L.R. 7(d) ("No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission *upon a showing of good cause*.") (emphasis added); *accord Braica v. Frankowski*, No. 3:24-CV-1709 (VDO), 2025 WL 3644231, at *2, n. 21 (D. Conn. Dec. 15, 2025).  "If a court has not ordered further briefing, '[s]ur-replies are appropriate only in the exceptional though rare case' where 'a party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court.'"  *Cunningham v. Lupis*, No. 3:21-CV-00273 (SVN), 2024 WL 811849, at *6 (D. Conn. Feb. 26, 2024), *appeal*

*dismissed*, No. 24-844, 2024 WL 5505345 (2d Cir. Nov. 8, 2024) (quoting *Sec. & Exch. Comm'n v. Xia*, No. 21-CV-5350 (PKC) (RER), 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022)).

Here, Plaintiff's Motion to File a Second Sur-Reply lacks any showing of good cause warranting the filing of a second sur-reply. Moreover, given the procedural posture of this case, to date, Plaintiff has had a total of ***four*** distinct opportunities to oppose Electric Boat's Motion for Summary Judgment. *See* Dkt. 128, 134, 138 & 140. Providing Plaintiff a fifth opportunity to oppose Electric Boat's Motion for Summary Judgment by granting him leave to file a *second* sur-reply would be excessive. Accordingly, this Court should deny Plaintiff's Motion to File a Second Sur-Reply.

## III.    PLAINTIFF'S PROPOSED SECOND SUR-REPLY IS REPETITIVE

Even if this Court found that Plaintiff did make a showing of good cause to support the filing of a second sur-reply (which he did not), the majority of Plaintiff's proposed second sur-reply, Dkt. 143-1, simply rehashes the arguments already set forth in his summary judgment opposition memorandum, Dkt. 138, and his first sur-reply, Dkt. 140, which fail for the reasons already detailed in Electric Boat's Motion for Summary Judgment, supporting memorandum of law, reply brief, and response to Plaintiff's sur-reply, Dkts. 116, 117, 139, and 142, respectively. Indeed, a majority of the proposed second sur-reply continues to rely upon *Tudor v. Whitehall Central School District*, 132 F.4th 242 (2d Cir. 2025), and *Rodriguez v. City of Chicago*, 156 F.3d 771 (7th Cir. 1998),[1] and includes several lengthy excerpts from each case. *See* Dkt. 143 at pp. 2-4. As already detailed in Electric Boat's reply brief, Dkt. 139, and response to Plaintiff's first sur-

---

[1]    Notably, Plaintiff's citations to *Rodriguez* are to the concurrence rather than the majority opinion. *See* Dkt. 143-1 at pp. 3-4; *see also Rodriguez*, 156 F.3d at 779.

reply, Dkt. 142, which Electric Boat hereby incorporates by reference as if fully set forth herein, Plaintiff's reliance on those cases is (again) misplaced.

Next, Plaintiff's proposed second sur-reply consists of nothing more than conclusory assertions and vague references to alleged evidence which Plaintiff fails to identify with sufficient particularity to warrant any response. Therefore, even in the event that this Court grants Plaintiff leave to file his proposed second sur-reply, Plaintiff's claims still cannot withstand summary judgment. Indeed, the proposed second sur-reply – similar to Plaintiff's other filings – fails to make specific reference to any evidence which could warrant denial of Electric Boat's Motion for Summary Judgment. *See* L.R. 7(a)(3) (this Court need not review portions of the record "where the moving and opposition papers do not make specific reference to such portions of the record.").

Thus, because the proposed second sur-reply is repetitive of Plaintiff's other filings, this Court should deny Plaintiff's Motion to File a Second Sur-Reply.

## IV.    CONCLUSION

For the foregoing reasons, Electric Boat respectfully requests that this Court deny Plaintiff's Motion to File a Second Sur-Reply, Dkt. 143, grant Electric Boat's Motion for Summary Judgment, Dkt. 116, and enter judgment in Electric Boat's favor on the Complaint.

Respectfully Submitted,

DEFENDANT,

ELECTRIC BOAT CORPORATION,

By Its Attorneys,


*/s/ Danielle Jurema Lederman*
Tracy Thomas Boland (ct30355)
Danielle Jurema Lederman (ct31613)
BOWDITCH & DEWEY, LLP
75 Federal Street, Suite 1005
Boston, MA  02110
Telephone:  617-757-6500
Facsimile:  508-929-3099
E-mail:  tboland@bowditch.com
         dlederman@bowditch.com

Date:  July 13, 2026


## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a true and accurate copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.


*/s/ Danielle Jurema Lederman*
Danielle Jurema Lederman

5